**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| WILLIAM SCOTT CAMERON, | ) | **NON-PARTY MICHAEL BASS'** |
| | ) | **MOTION TO TRANSFER** |
| Plaintiff, | ) | **SUBPOENA-RELATED MOTION** |
| vs. | ) | **WITH INCORPORATED** |
| | ) | **MEMORANDUM OF LAW** |
| THE UNIVERSITY OF NORTH CAROLINA | ) | **Fed. R. Civ. P. 45(f)** |
| AT CHARLOTTE, et al. | ) | |
| | ) | Underlying Action No.: |
| Defendants. | ) | 3:19-cv-221-MOC-DCK (W.D.N.C.) |

NOW COMES non-party Michael Bass, by and through counsel, and respectfully moves this Court to transfer his motion to quash a subpoena issued to AT&T Wireless Custodian of Records in the above captioned action to the Western District of North Carolina, pursuant to Fed. R. Civ. P. 45(f).

Granting the relief requested herein would transfer the motion filed by non-party Michael Bass, seeking to quash a subpoena issued by Plaintiff, to the district of the underlying litigation which issued that subpoena.

**INTRODUCTION**

This lawsuit is between Plaintiff William Scott Cameron and University of North Carolina at Charlotte ("UNCC") and eight of its officers and employees. Plaintiff brought this lawsuit because he was suspended from his college tennis team for allegedly bullying a teammate, Michael Bass. Mr. Bass, the alleged victim of Plaintiff's bullying, is not a party to this action and would prefer not to be involved. Publicity regarding this lawsuit has subjected him to personal embarrassment. Notwithstanding his frustration, Mr. Bass has cooperated in the discovery process. To date, he has (1) provided a sworn declaration, (2) complied with a

subpoena duces tecum by producing his cell phone text messages related to the case, and (3) voluntarily agreed to schedule a deposition.

Apparently, that is not enough for the Plaintiff.  Plaintiff has now subpoenaed AT&T to obtain the production of Michael's personal cell phone records and text messages for the past three years.  Notably, this subpoena is not narrowly tailored to be limited to specific communications with parties to the lawsuit.  Its breadth is unlimited and could potentially sweep up Mr. Bass' text messages with friends, family, girlfriend(s), and other individuals unrelated to the lawsuit.  This gross over-reach is an obvious attempt to harass Mr. Bass and invade his privacy to obtain communications involving Mr. Bass and many other individuals who are not involved in the case.  Though one would hope that this type of over-reach would not occur in a case about bullying, it has.  This Court should end it.

## BACKGROUND

The current iteration of this lawsuit was initiated in North Carolina state court on March 22, 2019.  [DE 1.]  Plaintiff's counsel sent Mr. Bass—a non-party—a letter, also dated March 22, 2019.  Ex. 1.  The letter requested that Michael execute a pre-made declaration which was enclosed.  *Id.*  The letter also stated, "If you are unwilling to execute a declaration, however, I will be forced to issue a subpoena to compel your attendance of a deposition." *Id.* at 1.

Michael did not execute that declaration because it contained inaccuracies.  He did, however, obtain counsel.  The case was removed to the Western District of North Carolina, and Michael later provided the parties with a sworn and executed declaration that accurately set down his experiences with the parties to the litigation.

Plaintiff issued Michael a subpoena on June 22, 2020.  Ex. 2.  That subpoena commanded the production of: "All communications" between (1) Michael and Plaintiff; (2) Michael and defendant Jeremy Feldman; (3) Michael and "any representative or employee" of UNCC "related

to allegations of bullying,"; (4) Michael and "any third party . . . related to or describing the allegations of bullying,"; (5) Michael and "any representative or employee" of UNCC relating to his own suspension from the UNCC tennis team, as well as (6) "All documents or electronically stored information memorializing, regarding, or reflecting the allegations of bullying." *Id.* at 4-5.  It sought all these communications and documents for over a three-year period. *Id.*

This subpoena required compliance by July 20, 2020. *Id.* at 1.  Michael timely responded to the subpoena.  Ex. 3.  He provided a twenty-nine page responsive production that included substantive communications in the form of text messages and screenshots of conversations.[1]

Though Michael is attending school and working part-time in an internship, he agreed to make himself available for a November 14 deposition by Zoom videoconference.  Ex. 4. at 4, 5.  Plaintiff's counsel responded that Michael's "deposition needs to be in person," and must be "prior to November 14." *Id.* at 3, 4.  No valid rationale was given for these demands, *see id.*[2], despite Magistrate Judge Keesler's Order of June 4, 2020 requiring completion of discovery by November 25, 2020, and "direct[ing]" Plaintiff's lead counsel to "accomplish as much discovery as possible remotely."  [DE 66 at 2.]

A teleconference regarding discovery disputes between the parties occurred before Magistrate Judge Keesler on September 28, 2020, and an order issued—again—directing the discovery to be complete by November 25, 2020, and requiring depositions to be conducted remotely.  [DE 84.]  In compliance with this newest order, Plaintiff's counsel agreed to depose Michael remotely on November 14, 2020.  Ex. 4 at 1.

---

[1] Available for *in camera* review upon request.
[2] *See also id.* at 2 (noting surprise "that, in a case where one of the primary issues is whether your client bullied my client, you would reject my client's offer of cooperation on his deposition and instead seek to unilaterally force a deposition schedule and deposition conditions upon him that are not workable for our side.").

On the same day Magistrate Judge Keesler issued that order, Plaintiff served a notice of intent to serve a subpoena.  Ex. 5.  The attached subpoena commands Michael's cell phone service provider to produce:

> 1. A record of all incoming and outgoing calls and the duration of each call for the phone number (336)509-3928 for the period of July 1, 2017 to September 1, 2020.
> 2. A record of all incoming and outgoing text messages for the phone number (336)509-3928 for the period of July 1, 2017 to September 1, 2020.

Ex. 6 at 4.  This subpoena (the "AT&T Subpoena") is directed to the AT&T Wireless Custodian of Records in North Palm Beach, Florida, and requires production by "October 19, 2010 [sic]." *Id.* at 1.

Michael has simultaneously moved to quash the subpoena in the district of the subpoena's compliance, to transfer the motion to quash to the issuing court, and for a protective order in the issuing court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 requires subpoena-related motions, such as the contemporaneously filed motion to quash, to be filed in the district where compliance with the subpoena is required.  Fed. R. Civ. P. 45(c), (d)(2)(B)(1), (d)(3)(A).  The court of compliance is authorized to transfer a subpoena-related motion to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).

## ARGUMENT

1.  <u>Transfer Is Warranted to Avoid Disrupting the Western District of North Carolina's Case Management</u>

Absent the consent of the person subject to the subpoena, the court of compliance may transfer subpoena-related motions in exceptional circumstances.  Fed. R. Civ. P. 45(f).  The

Advisory Committee Note to the 2013 amendments to Rule 45 provide guidance for courts assessing potentially exceptional circumstances. According to the relevant Note,

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.* advisory committee's note (2013 amendments).

Here, transfer does not impose a burden on AT&T. Though AT&T is ubiquitous, it is not litigating the subpoena-related motion underlying this motion to transfer. Accordingly, a change in venue of that subpoena-related motion will impose no burden on AT&T. The prime concern, avoiding imposing a burden on AT&T, therefore does not favor resolving the motion to quash in the Southern District of Florida. Indeed, to the extent that the spirit of Rule 45(f) seeks to minimize burdens upon nonparties writ large, it weighs in favor of transfer: considering the lack of burden imposed upon AT&T, Michael's non-party status and his merely tangential role in the underlying litigation are especially important.

And exceptional circumstances exist here. "The committee only points to one reason as an exceptional circumstance—'disrupting the issuing court's management of the underlying litigation.'" *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 408 (N.D. Ala. 2014) (quoting Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments)). But courts "look to a variety of factors to determine if the judge from the issuing court is 'in a better position to rule on the . . . motion . . . due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation.'" *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015)

5

(quoting *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 47 (D.D.C. 2014)).  Those factors "include the complexity, procedural posture, duration of pendency, and the nature of the issues pending . . . in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (compiling cases).

As applied here, these factors weigh in favor of finding exceptional circumstances.  First, the full scope of issues in the underlying litigation is vast: Plaintiff has alleged thirteen counts against nine defendants.  Second, the nature of the issues, and third, the complexity of the lawsuit, each also counsel in favor of exceptionality.  This is evident because the counts include federal constitutional claims, North Carolina constitutional claims, federal statutory claims, North Carolina statutory claims, and common law claims, and a four- to five-day trial is expected.  Fourth, the Western District of North Carolina is intimately familiar with this action, and indeed, held a telephone conference to resolve discovery disputes on September 25, 2020.  Because that court has intimate knowledge of the complex underlying litigation, the parties (and Michael, a non-party), facts, and previous discovery disputes, transfer is appropriate here.  *See In re K.M.A. Sunbelt Trading Co.*, No. 8:17-MC-55-30AAS, 2017 WL 2559790, at *1 (M.D. Fla. June 13, 2017) (finding exceptional circumstances existed to support transfer of subpoena-related motion "[b]ecause the underlying litigation [had] been extensive, the [issuing court had] intimate knowledge of the underlying litigation, parties, facts, and prior rulings.").  Accordingly, this Court should find exceptional circumstances exist, and transfer the subpoena-related motion.

## CONCLUSION

For the reasons stated above, non-party Michael Bass respectfully requests this Court transfer the motion to quash the AT&T Subpoena pursuant to Fed. R. Civ. P. 45(f).

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ *Spencer H. Silverglate*
Spencer H. Silverglate

**CERTIFICATE OF GOOD FAITH CONFERENCE; UNABLE TO CONFER**

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all non-parties who may be affected by the relief sought in the motion but has been unable to do so.  The reasonable efforts made were specifically as follows: a telephone call to the AT&T Custodian of Records in North Palm Beach, Florida, at approximately 9:30 am on Wednesday, October 7, 2020, and a subsequent email to GLDC@att.com, sent at 11:53 am on the same day, which has not received a response.

/s/ *Spencer H. Silverglate*
Spencer H. Silverglate

Respectfully submitted, this 14th day of October, 2020.

CLARKE SILVERGLATE, P.A.
799 Brickell Plaza, Suite 900
Miami, FL 33131
T: (305) 377-0700
F: (305) 377-3001

By: /s/ *Spencer H. Silverglate*
        Spencer H. Silverglate
        Florida Bar No. 769223
        ssilverglate@cspalaw.com
        mpedraza@cspalaw.com

*Attorney for Non-Party, Michael Bass*

7

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct of the foregoing was electronically filed on October 14, 2020 with the Clerk of Court using the CM/ECF system, and that the foregoing was served upon the party as listed below by email.

Derek M. Bast
Wagner Hicks, PLLC
831 E. Morehead Street, Suite 860
Charlotte, NC  28202
derek.bast@wagnerhicks.law

Sean C. Wagner
Wagner Hicks, PLLC
831 E. Morehead Street, Suite 860
Charlotte, NC  28202
sean.wagner@wagnerhicks.law

Tyler B. Peacock
Gardner Skelton PLLC
505 East Boulevard
Charlotte, NC 28203
tyler@gardnerskelton.com

AT&T Wireless
Custodian of Records
11760 U.S. Highway 1
Suite 600
North Palm Beach, FL 33408
GLDC@att.com

Nora Foster Sullivan
NC Department of Justice
P.O. Box 629
Raleigh, NC 27602
nsullivan@ncdoj.gov

Zachary A. Padget
Asst. Deputy Attorney General
NC Department of Justice
P.O. Box 629
Raleigh, NC 27602
zpadget@ncdoj.gov

James P. McLoughlin, Jr.
Moore & Van Allen
100 North Tryon St., Suite 4700
Charlotte, NC 28202
jimmcloughlin@mvalaw.com

VIA U.S. MAIL
AT&T Corp.
C/O CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

This the 14th day of October, 2020.

/s/ *Spencer H. Silverglate*
Spencer H. Silverglate